# UNITED STATES DISTRICT COURT
## for
## MIDDLE DISTRICT OF PENNSYLVANIA

U.S.A. vs. Roger E. McDermott                                   Docket No. 1:CR-00-040-01

### Petition on Probation and Supervised Release

COMES NOW William C. Pool PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Roger E. McDermott who was placed on supervision by the Honorable Yvette Kane sitting in the court at Harrisburg, Pennsylvania, on the 5th day of June 2001, who fixed the period of supervision at two years* and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

*Supervision commenced on December 3, 2002, in the Middle District of Florida.

1.  The defendant shall pay any balance of the restitution imposed by this judgment which remains unpaid at the commencement of the term of supervised release in minimum monthly installments of no less than $37.50**

2.  The defendant shall participate in mental health treatment as directed by the probation officer.

** Monthly payment reduced per Order on 08/10/03, from the originally imposed amount of $75.

Mr. McDermott was ordered to pay restitution of $267,808, related to his conviction for interstate transportation of stolen property involving embezzled funds from the Steelton, Pennsylvania, Moose Club. As noted in a previous petition, Mr. McDermott has significant health problems, is unable to work, and subsists on his and his wife's Social Security. He is now essentially confined to his bed. The probation officer supervising the defendant's case has routinely reviewed family finances and notes that the McDermotts' necessary monthly living expenses usually exceed their income. To date the defendant has paid $1,050 on his restitution, and has a balance of $266,758. His supervised release is set to expire on December 2, 2004.

Mr. McDermott appears to have made restitution payments to the best of his ability and has otherwise complied with conditions of his supervised release. The supervising officer reports that given the defendant's health and financial condition, it is unlikely that he would be able to comply with any restitution agreement following expiration of supervision. Therefore, it is respectfully requested that Mr. McDermott's supervision be allowed to expire without further action and with restitution owing. As in all cases with undischarged restitution, the matter will be monitored by the U.S. Attorney Office's financial litigation unit and there are civil remedies available.

Assistant U.S. Attorney William A. Behe has no objection to the proposed expiration with restitution owing.

McDermmott, Roger
Page 2

PRAYING THAT THE COURT WILL ORDER **that the defendant's term of supervised release be permitted to expire on December 2, 2004, without further action of the Court.**

Respectfully,

*[signature]*

William C. Pool
Deputy Chief U.S. Probation Officer

ORDER OF COURT

Considered and ordered this __17th__ day of __November__, 2004 and ordered filed and made a part of the records in the above case.

*[signature]*
_____
The Honorable Yvette Kane
United States District Judge

Place: <u>Harrisburg, PA</u>